**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| RUSSELL BINGAMON,<br><br>  Plaintiff,<br><br>v.<br><br>DEAN PINKHAM, *et. al.*,<br><br>  Defendants. | Case No. 3:23-CV-00480-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

On December 12, 2023, the Court entered an order setting a mandatory case management conference in this case. (ECF No. 9). The Court delivered this order to Plaintiff's address at the Elko County Detention Center, but the order was ultimately returned as "undeliverable" stating the Plaintiff was "Not in Custody".[2] (ECF No. 14.)

On December 28, 2023, Defendants filed a motion to dismiss this action based on Plaintiff's failure to update his address, noting that Defense Counsel became aware that Plaintiff had been released when attempting to secure Plaintiff's appearance for the Court's mandatory case management conference. (ECF No. 10.)

Pursuant to Local Rule IA 3-1, a party must immediately file with the Court written notification of any change of mailing address. Thus, the Court directed Plaintiff to file a notice of change of address by February 2, 2024. (ECF No. 15.) Plaintiff was cautioned that his failure to comply with this Court's order would result in dismissal of this action. To date, Plaintiff has failed to comply with this Court's order.

///

///

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   Several other documents were returned as undeliverable based on Plaintiff no longer being in the custody of the Elko County Detention Center. (*See* ECF Nos. 16, 17, 18.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court's warning to a party that his failure to

obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to update his address explicitly stated that: "Failure to comply with this rule may result in dismissal of this action." (ECF No. 15.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to update his address. Thus, Plaintiff has failed to comply with this Court's order to update his address, and his case should be dismissed accordingly.

Further, Defendants' motion to dismiss, (ECF No. 10), which was also based on Plaintiff's failure to update his address, should be granted for the same reasons. Plaintiff failed to file an opposition, which constitutes a consent to the granting of the motion. *See* LR 7-2(d) (failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion).

For all of these reasons, it is recommended that this action be dismissed without prejudice based on Plaintiff's failure to update his address.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

I.      **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss, (ECF No. 10), be **GRANTED** and this action be **DISMISSED** without prejudice based on Plaintiff's failure to update his address in compliance with the Court's order; and,

///

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: February 5, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**